NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AMAZON WEB SERVICES, INC.,** *Petitioners*

---

2023-104

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00668-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before LOURIE, TARANTO, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

## O R D E R

Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively, "Amazon") petition for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its order denying transfer and to transfer this case to the United States District Court for the Northern District of California. VoIP-Pal.com, Inc. ("VoIP-Pal") opposes the petition.

VoIP-Pal sued Amazon in the Western District of Texas for infringement of patents teaching systems, apparatuses,

and methods for enabling access to communication routing infrastructure with a mobile device access code. VoIP-Pal's contentions focus on Amazon's "communications platform," including the server structure, Alexa calling devices, and Alexa software applications running on those devices. Appx55-56.

Amazon moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a), arguing that the middleware of the accused products was developed by Amazon employees located in the Northern District of California and that that middleware is central to the alleged infringement. As part of its opposition to the motion, VoIP-Pal submitted a declaration from Tim Thompson, who oversaw a 40-engineer Austin-based team working on the operating system ("OS") and its integration with accused Amazon Echo and FireTV products. Appx456. He stated that "[t]echnical documentation relating to the work of the DeviceOS and Echo Platform Software teams is maintained at the Austin offices." Appx347.

The district court denied Amazon's motion. The court accepted that Amazon's employees on the middleware team in Northern California had relevant and material information but determined that "the Alexa middleware is not the only technology relevant to infringement." Appx12. The district court found that "the middleware's functionality depends on the device's operating system," and "[t]he [Amazon] team that designs and develops that operating system is comprised" of engineers located in Austin. Appx12. Although Amazon identified employees in Northern California who could access source code and other relevant documents, the court concluded that the sources of proof factor favored neither forum, given Amazon employees in Austin could just as easily access those materials. Appx7. It agreed with Amazon that the transferee court's ability to subpoena potential witnesses for trial favored transfer because Amazon had identified five non-party witnesses who could be compelled by the transferee venue

while VoIP-Pal had identified three non-party witnesses who could be compelled to testify in the Western District of Texas. Appx9. However, the court found that it could likely hold a trial sooner than if the case were transferred. On balance, the court found Amazon had failed to show the transferee venue was clearly more convenient. The court denied Amazon's motion for reconsideration, reiterating its conclusion that the "DeviceOS personnel" in Austin "are relevant and implicated" by VoIP-Pal's infringement allegations, Appx27-30. Amazon then filed this petition.

To prevail on its mandamus petition, Amazon must establish, among other things, that its right to relief is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation and internal quotation marks omitted). In the § 1404(a) context, which we assess under regional circuit law, Amazon must show that the denial of transfer was such a "clear abuse of discretion" that refusing transfer would produce a "patently erroneous result." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). This is a highly deferential standard, under which we leave the district court's decision undisturbed unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Id.* at 312 n.7 (citation omitted).

We cannot say that such a clear abuse of discretion occurred here. The court considered all the relevant factors and made reasonable findings based on the record. In particular, the court found that information known and held by the operating system development team located in Austin Texas is material to the parties' dispute, Appx27-30, and we cannot say this finding was clearly erroneous. This reasonable finding informed the court's understanding and weighing of the disputed factors. In particular, it found that potential witnesses could more conveniently attend trial in the Western District of Texas, that Amazon could easily access relevant evidence in that District, and that both Western Texas and Northern California had local

interests in the matter.  Appx17, 34.  Mindful of our limited task on mandamus, we are not prepared to disturb the court's findings, which provide a plausible basis for its ruling.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

January 9, 2023               /s/ Peter R. Marksteiner
      Date                    Peter R. Marksteiner
                              Clerk of Court